UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEANDRE L. DOUGLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01547-SEB-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

For the reasons explained in this Order, the motion of DeAndre L. Douglas for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

## I. § 2255 Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Background

In November 2004, Mr. Douglas was arrested as part of a sting operation targeting a group that was planning to rob 20 kilograms of cocaine from a drug dealer. *See* dkt. 15 at 1; Presentence Report ("PSR") (sealed) at ¶¶ 9-28. After being told about this group's existence by a confidential informant, an undercover agent approached the group with "information" about cocaine that could be stolen. *Id.* at ¶¶ 9-11. Mr. Douglas and his co-conspirators gathered firearms, ski masks, duct tape, and other essential "tools" to complete the robbery. *Id.* at ¶¶ 12-24. The undercover agent led the group to a storage unit, where law enforcement surrounded them, and took them into custody. *Id.* at ¶¶ 24-28. Mr. Douglas was charged in an eleven-count indictment as a result of this sting operation. *Id.* at ¶ 1.

On April 11, 2005, Mr. Douglas filed a petition to enter a guilty plea along with a plea agreement. *USA v. Mann et al.*, No. 1:04-cr-00201-SEB-TAB-2 (hereinafter "Crim. Dkt."), Dkt. 32 at 4. The plea agreement, entered pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C), provided that Mr. Douglas would plead guilty to two of the eleven counts: one count of conspiracy to possess with intent to distribute and/or distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii); and one count of count of carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Crim. Dkt. at JAMS Dkt. 33 ("Plea agreement"). As part of this bargain, the parties agreed that Mr. Douglas would receive a sentence of 270 months' imprisonment. *Id.* at 2, ¶ 4. Mr. Douglas agreed to expressly waive his right to appeal his conviction and sentence. *Id.* at 3, ¶ 9. He also agreed "not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255." *Id.* at 3-4, ¶ 9. Mr. Douglas stipulated in his plea agreement

that he had two prior convictions for crimes of violence and was a career offender pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. *Id.* at 4, ¶ 10(b). Specifically, those two prior convictions were: (1) on October 8, 1998, for resisting law enforcement, a class D Felony under Indiana law, in Marion County, Indiana, No. 49F189802DF021329; and (2) on October 6, 2000, for child molesting and sexual misconduct with a minor, in Marion County, Indiana, No. 49G019906CF105408. *Id.*

Mr. Douglas appealed his conviction and sentence, although his attorney later filed a motion to withdraw, asserting that the appeal was frivolous pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). *United States v. Douglas*, 182 Fed. Appx. 558, 558-59 (7th Cir. May 30, 2006). The Seventh Circuit held that Mr. Douglas' guilty plea was voluntary and therefore the appeal waiver was valid and therefore any potential arguments were frivolous under the appeal waiver. *Id.* at 559.

In 2015, the Supreme Court held that the so-called residual clause of the ACCA (Armed Career Criminal Act) was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These three "clauses" are respectively known as 1) the elements clause, 2) the enumerated clause, and 3) the residual clause. In *Johnson*, the Supreme Court ruled that the residual clause was unconstitutionally vague. In *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Supreme Court discussed the appropriate analysis to use when comparing past convictions to a generic offense listed under the enumerated clause of the ACCA.

3

The career offender enhancement (§ 4B1.1) in the U.S.S.G. contains language similar to the ACCA.

On June 22, 2016, Mr. Douglas filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, alleging that, post-*Johnson*, he is no longer a career offender because his prior convictions no longer qualify as "crimes of violence." Dkt. 1.

### III. Discussion

Mr. Douglas seeks relief pursuant to § 2255 arguing that his prior Indiana resisting arrest conviction is not a predicate offense in view of the Supreme Court decision under *Johnson*. Dkt. 15 at 2; Dkt. No. 16 at 4. Mr. Douglas does not dispute that his conviction for child molestation remains a "crime of violence." The United States argues that Mr. Douglas is bound to his § 2255 waiver in his plea agreement. Dkt. 20 at 3-5. Additionally, the United States argues that Mr. Douglas' claim is foreclosed by the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017). *Id.* at 6-7. In reply, Mr. Douglas argues that his plea agreement should be vacated as a result of a "mutual mistake" between the parties, but actually requests that the Court exercise its "equitable remedial power" to consider the impact of *Johnson* to his sentence. Dkt. 25 at 2-7. Mr. Douglas also argues that *Beckles* is not applicable to his claim. *Id.* at 8-13.

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible

factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). The Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997); *United States v. Feichtinger,* 105 F.3d 1188, 1190 (7th Cir. 1997); *see also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003); *United States v. Worthen*, 842 F.3d 552, 554-55 (7th Cir. 2016) (appeal waiver in plea agreements is enforceable and precludes appellate review absent the imposition of a sentence that exceeds the statutory maximum for the crime committed so that, because defendant's possible invalid sentence enhancement from the "crime of violence" did not exceed the statutory maximum, his appeal waiver was valid and enforceable).

      Here, Mr. Douglas's plea agreement included a provision where he agreed:

> that in the event the Court accepts this plea agreement, and sentences him to no more than a total of 270 months imprisonment, Douglas expressly waives his right to appeal the conviction and any sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, Douglas also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255.

Plea agreement at 3-4. The Court accepted the plea agreement and Mr. Douglas was sentenced to 270 months' imprisonment. The Seventh Circuit held that Mr. Douglas' plea was voluntary and valid, *Douglas*, 182 Fed. Appx. at 559, and Mr. Douglas has not shown a good reason to reexamine the Seventh Circuit's holding. *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("In the context of § 2255 petitions, the law of the case doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a

5

[court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.") (internal citations and quotations omitted). Mr. Douglas is not arguing that the plea was not valid – he simply argues that a new Supreme Court case entitles him to a lesser sentence, and he wants to be resentenced with the benefit of that holding. But by explicitly waiving his right to collaterally attack his plea, Mr. Douglas voluntarily assumed the risk that a favorable change in the law might occur and that he would not be able to benefit from such a change. There is nothing in the record to suggest that agreeing to take that chance was anything other than "a voluntary and intelligent choice among the alternate courses of actions open to him." *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Mr. Douglas' waiver precludes the relief he seeks.

Even if Mr. Douglas's claim was not precluded by his waiver, his claim that the residual clause in the career offender provision of the Sentencing Guidelines is also unconstitutionally vague based on *Johnson* is foreclosed by the Supreme Court's decision in *Beckles*, which held that the advisory Sentencing Guidelines[1] "are not subject to vagueness challenges under the Due Process Clause." 137 S. Ct. at 892. "The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

*Johnson*, therefore, cannot afford the relief Mr. Douglas seeks. Mr. Douglas was properly sentenced. His motion for relief pursuant to § 2255 is **denied.**

### IV.     Conclusion

For the reasons explained in this Order, Mr. Douglas is not entitled to relief on his § 2255 motion. His sentence is not unconstitutional. Accordingly, his motion for relief pursuant to § 2255

---

[1] The Sentencing Guidelines have been advisory and not mandatory since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). Mr. Douglas was convicted and sentenced post-*Booker*.

is **denied** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the clerk shall **docket a copy of this Entry in No.** 1:04-cr-00201-SEB-TAB-2. The motion to vacate (Crim. Dkt. 35) shall also be **terminated** in the underlying criminal action.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find this Court's "assessment of the constitutional claims debatable or wrong," or find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 8/31/2018

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEANDRE L. DOUGLAS
07718-028
FORREST CITY - LOW FCI
FORREST CITY LOW FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 9000
FORREST CITY, AR 72336

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

7